Case 8:10-cv-01257-JVS -JCG

1  CHRISTOPHER J. BOMAN, Bar No. 198798
   E-mail: cboman@laborlawyers.com
2  S. SEAN KUNDU, Bar No. 252410
   E-mail: skundu@laborlawyers.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone (949) 851-2424
5  Facsimile (949) 851-0152

6  Attorneys for Defendant
   GENESIS LOGISTICS, INC.

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11 | EDUARDO YANTUCHE,            | Case No.: SACV 10-1257-JVS (JCGx)

12 |                              | [Removed from State Court
   |                    Plaintiff,| OCSC Case No. 30-2010-00390094]
13 |         vs.                  |
   |                              | ~~[PROPOSED]~~ STIPULATED
14 | GENESIS LOGISTICS, INC., a   | PROTECTIVE ORDER
   | Delaware corporation; and DOES 1
15 | through 20 inclusive.        | NOTE CHANGES MADE BY THE COURT.
16 |                  Defendants. | Scheduling Conference: 12/13/10

17

18

19 **I.    PURPOSES AND LIMITATIONS**

20       Disclosure and discovery activity in this action are likely to involve

21 production of confidential, proprietary, or private information for which special

22 protection from public disclosure and from use for any purpose other than

23 prosecuting this litigation would be warranted.    Accordingly, Plaintiff

24 EDUARDO YANTUCHE ("Plaintiff") and Defendant GENESIS LOGISTICS,

25 INC. ("Defendant") hereby stipulate to and petition the Court to enter the

26 following Stipulated Protective Order ("Order"). The parties acknowledge that

27 this Order does not confer blanket protections on all disclosures or responses to

28 discovery and that the protection it affords extends only to the limited information

1   or items that are entitled under the applicable legal principles to treatment as
2   confidential.  The parties further acknowledge, as set forth in Section 10 below,
3   that this Stipulated Protective Order creates no entitlement to file confidential
4   information under seal; Local Rules of Court 79-5.1 of United States District
5   Court, Central District of California sets forth the procedures that must be
6   followed and reflects the standards that will be applied when a party seeks
7   permission from the Court to file material under seal.

8   **II.     DEFINITIONS**

9            2.1    Party: any party to this action, including all of its officers, directors,
10   employees, consultants, retained experts, and outside counsel (and their support
11   staff).

12           2.2    Disclosure or Discovery Material: all items or information,
13   regardless of the medium or manner generated, stored, or maintained (including,
14   among other things, testimony, transcripts, or tangible things) that are produced
15   or generated in disclosures or responses to discovery in this matter.

16           2.3    "Confidential" Information or Items: information (regardless of how
17   generated, stored, or maintained) or tangible things that qualify for protection
18   from disclosure under standards developed under Federal law.

19           2.4    Receiving Party: a Party that receives Disclosure or Discovery
20   Material from a Producing Party.

21           2.5    Producing Party: a Party or non-party that produces Disclosure or
22   Discovery Material in this action.

23           2.6    Designating Party: a Party or non-party that designates information
24   or items that it produces in disclosures or in responses to discovery as
25   "Confidential."

26           2.7    Protected Material: any Disclosure or Discovery Material that is
27   designated as "Confidential."

28   //

2

[Proposed] Stipulated Protective Order

1        2.8   <u>Outside Counsel</u>: attorneys who are not employees of a Party but

2  who are retained to represent or advise a Party in this action.

3        2.9   <u>In-House Counsel</u>: attorneys who are employees of a Party.

4        2.10  <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel

5  (as well as their support staffs).

6        2.11  <u>Expert</u>: a person with specialized knowledge or experience in a

7  matter pertinent to the litigation who has been retained by a Party or its counsel to

8  serve as an expert witness or as a consultant in this action and who is not a past or

9  current employee of a Party or a competitor of a Party's. This definition includes

10  a professional jury or trial consultant retained in connection with this litigation.

11        2.12  <u>Professional Vendors</u>: persons or entities that provide litigation

12  support services (e.g., photocopying; videotaping; translating; preparing exhibits

13  or demonstrations; organizing, storing, retrieving data in any form or medium;

14  etc.) and their employees and subcontractors.

15  **III.  SCOPE**

16        The protections conferred by this Order cover not only Protected Material

17  (as defined above), but also any information copied or extracted therefrom, as

18  well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

19  conversations, or presentations by parties or counsel to or in court or in other

20  settings that might reveal Protected Material.

21  **IV.  DURATION**

22        Even after the termination of this litigation, the confidentiality obligations

23  imposed by this Order shall remain in effect until a Designating Party agrees

24  otherwise in writing or a court order otherwise directs.

25  //

26  //

27  //

28  //

3

[Proposed] Stipulated Protective Order

## V.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify − so that other portions of the material, documents, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose, (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party designate such documents as "CONFIDENTIAL" somewhere on the page that

4

Case 8:10-cv-01257-JVS -JCG

1 | contains the protected material. If only a portion or portions of the material on a
2 | page qualifies for protection, the Producing Party also must clearly identify the
3 | protected portion(s) (e.g., by making appropriate markings in the margins) and
4 | must specify, for each portion, the "CONFIDENTIAL" sections.

5 |     A Party or non-party that makes original documents or materials available
6 | for inspection need not designate them for protection until after the inspecting
7 | Party has indicated which material it would like copied and produced. During the
8 | inspection and before the designation, all of the material made available for
9 | inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
10 | identified the documents it wants copied and produced, the Producing Party must
11 | determine which documents, or portions thereof, qualify for protection under this
12 | Order, then, before producing the specified documents, the Producing Party must
13 | designate the documents as "CONFIDENTIAL" at the top of each page that
14 | contains Protected Material. If only a portion or portions of the material on a
15 | page qualifies for protection, the Producing Party also must clearly identify the
16 | protected portion(s) (e.g., by making appropriate markings in the margins) and
17 | must specify, for each portion, the section that is "CONFIDENTIAL."

18 |     (b)   for testimony given in deposition ~~or in other pretrial or trial~~
19 | ~~proceedings,~~ that the Party or non-party offering or sponsoring the testimony
20 | identify on the record, before the close of the deposition, ~~hearing, or other~~
21 | ~~proceeding,~~ all protected testimony, and further specify any portions of the
22 | testimony that qualify as "CONFIDENTIAL." When it is impractical to identify
23 | separately each portion of testimony that is entitled to protection, and when it
24 | appears that substantial portions of the testimony may qualify for protection, the
25 | Party or non-party that sponsors, offers, or gives the testimony may invoke on the
26 | record (before the deposition ~~or proceeding~~ is concluded) a right to have up to 20
27 | days to identify the specific portions of the testimony as to which protection is
28 | sought and to specify the level of protection being asserted ("CONFIDENTIAL").

[Proposed] Stipulated Protective Order

Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the term "CONFIDENTIAL," as instructed by the Party on non-party offering or sponsoring the witness or presenting the testimony.

(c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" do not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.    If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is

[Proposed] Stipulated Protective Order

1  disclosed.

2    6.2    Meet and Confer.

3    A Party that elects to initiate a challenge to a Designating Party's

4  confidentiality designation must do so in good faith and must begin the process

5  by conferring directly (in voice to voice dialogue; other forms of communication

6  are not sufficient) with counsel for the Designating Party.  In conferring, the

7  challenging Party must explain the basis for its belief that the confidentiality

8  designation was not proper and must give the Designating Party an opportunity to

9  review the designated material, to reconsider the circumstances, and, if no change

10  in designation is offered, to explain the basis for the chosen designation.  A

11  challenging Party may proceed to the next stage of the challenge process only if it

12  has engaged in this meet and confer process first.

13    6.3    Judicial Intervention.

14    A Party that elects to press a challenge to a confidentiality designation after

15  considering the justification offered by the Designating Party may file and serve a

16  motion that identifies the challenged material and sets forth in detail the basis for

17  the challenge.    Each such motion must be accompanied by a competent

18  declaration that affirms that the movant has complied with the meet and confer

19  requirements imposed in the preceding paragraph and that sets forth with

20  specificity the justification for the confidentiality designation that was given by

21  the Designating Party in the meet and confer dialogue.

22    The burden of persuasion in any such challenge proceeding shall be on the

23  Designating Party.   Until the Court rules on the challenge, all parties shall

24  continue to afford the material in question the level of protection to which it is

25  entitled under the Producing Party's designation.

26  ///

27  ///

28  ///

7

**VII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1   Basic Principles.

    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2   Disclosure of "CONFIDENTIAL" Information or Items.

    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

        (c)   experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)   the Court and its personnel;

        (e)   court reporters, their staffs, and professional vendors to whom

1  disclosure is reasonably necessary for this litigation;

2          (f)      during their depositions or during trial, witnesses in the action

3  to whom disclosure is reasonably necessary and who have signed the "Agreement

4  to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition

5  testimony or exhibits to depositions that reveal Protected Material must be

6  separately bound by the court reporter and may not be disclosed to anyone except

7  as permitted under this Stipulated Protective Order; and.

8          (g)     the author of the document or the original source of the

9  information.

10 **VIII. PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED**

11 **PRODUCED IN OTHER LITIGATION**

12         If a Receiving Party is served with a subpoena or an order issued in other

13 litigation that would compel disclosure of any information or items designated in

14 this action as "CONFIDENTIAL," the Receiving Party must so notify the

15 Designating Party, in writing (by fax, if possible) immediately and in no event

16 more than three court days after receiving the subpoena or order.   Such

17 notification must include a copy of the subpoena or court order.

18         The Receiving Party also must immediately inform in writing the Party

19 who caused the subpoena or order to issue in the other litigation that some or all

20 the material covered by the subpoena or order is the subject of this Protective

21 Order.  In addition, the Receiving Party must deliver a copy of this Stipulated

22 Protective Order promptly to the Party in the other action that caused the

23 subpoena or order to issue.

24         The purpose of imposing these duties is to alert the interested parties to the

25 existence of this Order and to afford the Designating Party in this case an

26 opportunity to try to protect its confidentiality interests in the court from which

27 the subpoena or order issued.  The Designating Party shall bear the burdens and

28 the expenses of seeking protection in that court of its confidential material – and

1  nothing in these provisions should be construed as authorizing or encouraging a

2  Receiving Party in this action to disobey a lawful directive from another court.

3  **IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

4        If a Receiving Party learns that, by inadvertence or otherwise, it has

5  disclosed Protected Material to any person or in any circumstance not authorized

6  under this Order, the Receiving Party must immediately (a) notify in writing the

7  Designating Party of the unauthorized disclosures, (b) use its best efforts to

8  retrieve all copies of the Protected Material, (c) inform the person or persons to

9  whom unauthorized disclosures were made of all items of this Order, and (d)

10  request such person or persons to execute the "Acknowledgment and Agreement

11  to Be Bound" that it attached hereto as Exhibit A.

12  **X.    FILING PROTECTED MATERIAL**

13        Without written permission from the Designating Party or a court order

14  secured after appropriate notice to all interested persons, a Party may not file in

15  the public record in this action any Protected Material.  A Party that seeks to file

16  under seal any Protected Material must comply with Local Rules of Court 79-5.1

17  of United States District Court, Central District of California.

18  **XI.    FINAL DISPOSITION**

19        Unless otherwise ordered or agreed in writing by the Producing Party,

20  within 60 days after the final termination of this action, each Receiving Party

21  must return all Protected Material to the Producing Party.   As used in this

22  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries, or any other form of reproducing or capturing any of the Protected

24  Material.  With permission in writing from the Designating Party, the Receiving

25  Party may destroy some or all of the Protected Material instead of returning it.

26  Whether the Protected Material is returned or destroyed, the Receiving Party must

27  submit a written certification to the Producing Party (and, if not the same person

28  or entity, to the Designating Party) by the 60 day deadline that identifies (by

[Proposed] Stipulated Protective Order

1  category, where appropriate) all the Protected Material that was returned or
2  destroyed and that affirms that the Receiving Party has not retained any copies,
3  abstracts, compilations, summaries, or other forms of reproducing or capturing
4  any of the Protected Material.    Notwithstanding this provision, Counsel are
5  entitled to retain an archival copy of all pleadings, motion papers, transcripts,
6  legal memoranda, correspondence or attorney work product, even if such
7  materials contain Protected Material.   Any such archival copies that contain or
8  constitute Protected Material remain subject to this Order as set forth in Section 4
9  (DURATION), above.

10  **XII.  MISCELLANEOUS**

11       12.1   Right to Assert Other Objections.

12       By stipulating to the entry of this Protective Order, no Party waives any
13  right it otherwise would have to object to disclosing or producing any information
14  or item on any ground not addressed in this Stipulated Protective Order.
15  Similarly, no Party waives any right to object on any ground to use in evidence of
16  any of the material covered by this Protective Order.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

11

[Proposed] Stipulated Protective Order

Error! Unknown document property name.

12.2   <u>Right to Further Relief.</u>

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Date:  November 24, 2010

FISHER & PHILLIPS LLP

By:

CHRISTOPHER J. BOMAN
S. SEAN KUNDU
Attorneys for Defendant
GENESIS LOGISTICS, INC.

Date:  November 24, 2010

AEGIS LAW FIRM

By:

SAMUEL A. WONG
Attorneys for Plaintiff
EDUARDO VANTUCHE

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED:  _1-7-11_ ,

United States Magistrate Judge

12

[Proposed] Stipulated Protective Order

Error! Unknown document property name.

1

## EXHIBIT A

2

3 **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

4      I, _____ [print or type full name] declare

5 under penalty of perjury that I have read in its entirety and understand the

6 Stipulated Protective Order that was issued by the Unites States District Court,

7 Central District of California on [date] in the case of *Eduardo Yantuche v.*

8 *Genesis Logistics, Inc..,* Case No. SACV 10-1257-JVS (JCGx).   I agree to

9 comply with and to be bound by all the terms of this Stipulated Protective Order

10 and I understand and acknowledge that failure to so comply could expose me to

11 sanctions and punishment in the nature of contempt.   I solemnly promise that I

12 will not disclose in any manner any information or item that is subject to this

13 Stipulated Protective Order to any person or entity except in strict compliance

14 with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District

16 Court, Central District of California for the purpose of enforcing the terms of this

17 Stipulated Protective Order, even if such enforcement proceedings occur after

18 termination of this action.

19

20 Date: _____

21                                            City and State where sworn and signed:

22

23                                            _____

24                                            Printed Name

25

26                                            _____

27                                            Signature

28

13

[Proposed] Stipulated Protective Order

Error! Unknown document property name.